# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | | | |
|---|---|---|---|
| **KIMBERLY ANNA STETSON** | | | |
| | **Debtor 1** | **Chapter:** | **7** |
| | | **Case No.:** | **5-20-bk-01254 RNO** |
| **KIMBERLY ANNA STETSON** | | **Adversary No.:** | **5-20-ap-00033 RNO** |
| | **Plaintiff(s)** | **Document No.:** | **8** |
| **vs.** | | | |
| **GRANITE STATE STUDENT LOAN** | | **Nature of Proceeding:** | **Motion for Summary Judgment** |
| | **Defendant(s)** | | |

## OPINION[1]

The Chapter 7 Plaintiff/Debtor filed a single count Complaint seeking to discharge an allegedly uninsured student loan made by the Defendant/Creditor. Consideration of the Defendant/Creditor's Motion for Summary Judgment will be deferred pending a determination of the effect of the Requests for Admissions which the Creditor addressed to the Debtor.

## I.      Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II.      Facts and Procedural History

Kimberly Anna Stetson ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on April 7, 2020. The Chapter 7 Trustee filed a Report of No Distribution on June 5, 2020.

---

[1]      Drafted with the assistance of Chelsea L. Hollenstein, Law Clerk.

The Debtor received a Chapter 7 discharge by an Order signed on August 10, 2020. The Order provides examples of debts which were not discharged, including, "debts for most student loans".

On April 29, 2020, the Debtor commenced this Adversary Proceeding (5:20-ap-00033-RNO) by filing a single-count Complaint ("Complaint"). The Complaint alleges Granite State Student Loan made a loan to the Debtor, "which was not an insured student loan in the amount of approximately $65,000.00." Adversary Compl. at ¶ 4, 5:20-ap-00033-RNO, ECF No. 1. An Answer to the Complaint was filed by NHHEAF Network a/k/a Granite State Student Loan ("Creditor"). Answer, 5:20-ap-00033-RNO, ECF No. 5.

Subsequently, the Creditor filed a Motion for Summary Judgment ("Motion"). Mot. for Summ. J. 5:20-ap-00033-RNO, ECF No. 8. After the Debtor failed to file her required responses, the Motion was initially granted. However, on October 29, 2020, the Debtor's Motion for Reconsideration was granted and the entry of summary judgment for the Creditor was vacated. Order, 5:20-ap-00033-RNO, ECF No. 23. The Motion has now been briefed and is ready for review.

## III. Discussion

### A. Summary Judgment Standard Under Federal Rule of Bankruptcy Procedure 7056

Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7056 incorporates, and makes applicable to bankruptcy adversary proceedings, Rule 56 of the Federal Rules of Civil Procedure ("F.R.C.P."). Pursuant to F.R.C.P. 56(a), the movant has the burden of proving that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. *Beard v. Banks*, 548 U.S. 521, 529, 126 S. Ct. 2572, 2578 (2006); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S. Ct.

2505, 2510 (1986). The absence of any genuine issue of material fact may be demonstrated by the pleadings, supporting affidavits, and discovery materials – such as depositions, answers to interrogatories, and admissions which are part of the record. *In re Premium Motor Cars, Inc.*, 404 B.R. 128, 130 (Bankr. W.D. Pa. 2009).

After the movant satisfies its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *In re LandSource Communities Dev. LLC*, 485 B.R. 310, 314 (Bankr. D. Del. 2013) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986)). Instead, the nonmoving party is required to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. The nonmoving party must go "beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (internal citations and quotations omitted). Throughout its analysis, the Court may not make credibility determinations or engage in any weighing of the evidence. *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013) (citations omitted). Instead, the Court must view the facts in the light most favorable to the nonmoving party, the Debtor, and draw all inferences in her favor. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citation omitted); *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001) (citation omitted).

The determination of a motion for summary judgment considers whether the evidence, when viewed in the light most favorable to the nonmoving party, is sufficient to show the essential elements of the movant's case. *In re Metro Shippers, Inc.*, 78 B.R. 747, 750 (Bankr. E.D. Pa. 1987) (citations omitted); *In re Herrera*, 2008 WL 5157938, at *2 (Bankr. D.N.M. Oct. 8, 2008).

Therefore, for purposes of the Motion, the facts will be viewed in the light most favorable to the Debtor, the non-moving party.

## B.      Judicial Notice

A court may take judicial notice of facts that are not reasonably subject to dispute. Fed.

R. Evid. 201(b). A bankruptcy court may take judicial notice of the docket entries in a case and

the contents of the bankruptcy schedules to determine the timing and status of case events and

other events which are not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409,

413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, at *12 n.19 (Bankr. E.D. Pa. Jan. 11,

1991).

Judicial notice is taken of the dockets in Debtor's underlying Chapter 7 case, and in this

adversary proceeding. The contents of the Debtor's bankruptcy schedules and statements, which

are not reasonably in dispute, are also judicially noticed.

## C.      Elements of Non-Dischargeable Student Loan

Section 523 of the Bankruptcy Code lists certain debts which are excepted from a

bankruptcy discharge. One of the excepted debts is:

> **(A)(i)** an educational benefit overpayment or loan made, insured,
> or guaranteed by a governmental unit, or made under any program
> funded in whole or in part by a governmental unit or nonprofit
> institution; or
> **(ii)** an obligation to repay funds received as an educational benefit,
> scholarship, or stipend; or
> **(B)** any other educational loan that is a qualified education loan, as
> defined in section 221(d)(1) of the Internal Revenue Code of 1986,
> incurred by a debtor who is an individual;

11 U.S.C. § 523(a)(8)[2]. The discharge exception for educational loans is disjunctive. Thus,

satisfying the criteria for any one of the four types of obligations meets the initial test for non-

dischargeability. *In re Jean-Baptiste*, 584 B.R. 574, 584 (Bankr. E.D.N.Y. 2018); 4 Collier's on

Bankruptcy P 523.14[2] (16th Ed. 2020). The current version of § 523(a)(8) was adopted as part

of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") in 2005. *In re*

*Nunez*, 527 B.R. 410, 413 (Bankr. D. Or. 2015).

---

[2]      Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C.§ 101, et seq.,
as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119
Stat. 37 ("Bankruptcy Code").

One of the underlying purposes of the Bankruptcy Code is to allow a debtor a fresh economic start. A corollary to this purpose is that exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors. *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995); *In re Gotwald*, 488 B.R. 854, 865 (Bankr. E.D. Pa. 2013); *Customers Bk. v. Osadchuk*, 2018 WL 4562403, at *2 (D.N.J. Sept. 24, 2018).

A creditor has the initial burden to establish that the debt falls within § 523(a)(8). If the creditor meets that burden, the debtor then bears the burden of proving the allowance of the discharge exception would impose an undue hardship. *In re Faish*, 72 F.3d 298, 301 (3d Cir. 1995) (citations omitted); *In re DiFrancesco*, 607 B.R. 463, 466-67 (Bankr. M.D. Pa. 2019).

### D.    Does the Creditor Hold a Student Loan?

Courts have held that the stated purpose and not the actual use of the loan determines whether a loan is an "educational loan" excepted from discharge under § 523(a)(8). *In re Jean-Baptiste*, 584 B.R. 574, 585 (Bankr. E.D.N.Y. 2018) (citing *Murphy v. Pa. Higher Educ. Assistance Agency (In re Murphy)*, 282 F.3d 868 (5th Cir. 2002)); *Busson–Sokolik v. Milwaukee Sch. of. Eng'g (In re Busson–Sokolik)*, 635 F.3d 261, 266 (7th Cir. 2011), *cert. denied*, 564 U.S. 1020, 131 S. Ct. 3039, (2011); *Maas v. Northstar Educ. Fin., Inc. (In re Maas)*, 497 B.R. 863, 869-70 (Bankr. W.D. Mich. 2013), *aff'd*, 514 B.R. 866 (W.D. Mich. 2014).

No affidavits have been filed in support of, or in opposition to, the Motion. The fulcrum for the Creditor's argument for the grant of summary judgment concerns six requests for admission ("Requests for Admission") which were served on the Debtor. Statement of Mat. Facts, Ex. A, 5:20-ap-00033-RNO, ECF No. 10. The Requests for Admission were included in a fifteen-page discovery request which included the Requests for Admission, interrogatories and a request for production of documents.

F.R.B.P. 7036 makes F.R.C.P. 36 applicable in bankruptcy adversary proceedings. F.R.B.P. 7036 governs requests for admission, and provides that "[a] party may serve on any

other party a written request to admit . . . the truth of any matters . . . relating to . . . facts, the application of law to fact, or opinions about either[.]" Fed. R. Bankr. P. 7036(a)(1)(A).

Pursuant to F.R.B.P. 7036(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." When the party receiving the request fails to timely answer, the matters detailed therein are deemed conclusively admitted. *In re D'Ambrosio*, 452 B.R. 562, 569-70 (Bankr. E.D. Pa. 2011) (citing *Harrison v. Ammons*, 2009 WL 2588834, at *4 (M.D. Pa. Aug. 19, 2009)); 10 Collier on Bankruptcy P 7036.03 (16th Ed. 2020).

Still, there are limits to the effectiveness of a request for admission. Requests for admission which call for legal conclusions are manifestly improper and forcing a party to admit legal conclusions "will only frustrate the purposes for which Rule 36 was drafted." *In re Valez*, 601 B.R. 351, 359 (Bankr. M.D. Pa. 2019) (quoting *In re S.W. Bach & Co.*, 2010 WL 681000, at *4-6 (Bankr. S.D.N.Y. Feb. 24, 2010)).

The record reflects the Requests for Admission were mailed to Debtor's counsel on June 30, 2020. Pursuant to F.R.B.P. 7036 a request is admitted unless, within thirty days after being served, the receiving party files an answer or objection to the request. There is nothing in the record to indicate when the Requests for Admission were actually served. The Motion was filed on August 6, 2020; only thirty-seven days after the mailing of the Requests for Admission.

Debtor's Answer to Defendant's Motion for Summary Judgment states that responses to the Requests for Admission were mailed to the Creditor on August 14, 2020. Pl.'s Resp. to Def.'s Mot. for Summ. J., 5:20-ap-00033-RNO, ECF No. 14. This was approximately forty-five days after the Requests for Admission were mailed to the Debtor. Unfortunately, the responses to the Requests for Admission have not been filed to the docket.

F.R.B.P. 7036(b) permits a court to exercise discretion when deciding whether or not to permit a withdrawal or amendment of requests for admission. *In re Wolf*, 556 B.R. 676, 685

(Bankr. E.D. Pa. 2016), *aff'd*, 573 B.R. 179 (E.D. Pa. 2017), *subsequently aff'd*, 739 F. App'x 165 (3d Cir. 2018).

The Court is concerned about deciding such a significant matter based upon a hurried and incomplete record. Allowing Debtor the opportunity to make an appropriate motion concerning the Requests for Admission will promote the presentation of the merits of this action. This is particularly important in this case where no proof of claim has been filed by the Creditor. Nor has a verified affidavit been filed to support its arguments. Neither has Creditor filed a note or loan agreement for the subject loan. There is no significant prejudice to the Creditor by briefly deferring consideration of the Motion.

## IV.     Conclusion

An order will be entered allowing the Debtor a period of twenty-eight days to file a motion requesting how the Requests for Admission should be treated in relation to the Motion. ("7036(b) Motion"). The Defendant will be allowed twenty-one days to object to any filed 7036(b) Motion. If a timely objection is filed, a hearing will be held on the 7036(b) Motion, on a date to be set by the Court. In the interest of justice and judicial economy, consideration of the Motion, by which the Defendant seeks the entry of summary judgment, is deferred until after final disposition of any timely filed 7036(b) Motion.

It is judicially noticed that the Chapter 7 Trustee, John Martin, was named as a defendant in the Complaint. Mr. Martin has not participated in this adversary proceeding and is not a necessary party. Pursuant to F.R.B.P. 7021, the disposition order will drop Mr. Martin as a party defendant.

Dated: January 11, 2021                    By the Court,

*Robt N. Opel II*
_____

Robert N. Opel, II, Bankruptcy Judge (BI)